1                                         JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ARNOLD WALD, | ) CASE NO. CV 13-7922-R |
|---|---|
| Plaintiff, | ) ORDER DISMISSING RICO CAUSE OF ACTION AND DECLINING TO EXERCISE JURISDICTION OVER THE REMAINDER OF THE COMPLAINT |
| v. | |
| RONALD ABARO; CANOGA PARK DENTAL; DOES 1 TO 10, INCLUSIVE, | |
| Defendants. | |

      Arnold Wald ("Plaintiff") filed a complaint ("Complaint") against his dentist and the related dental group ("Defendants") containing a cause of action under the Racketeering Influenced and Corrupt Organizations Act ("RICO") as well as several state law causes of action. Before the Court is Defendants' motion to dismiss the Complaint ("Motion to Dismiss"), which was filed on November 15, 2013. Defendants also filed a motion to strike portions of the Complaint ("Motion to Strike") on November 15, 2013. Plaintiff filed an opposition to the Motion to Dismiss on December 4, 2013, and Defendants filed a reply on December 23, 2013. Finding these two motions appropriate for resolution on the papers, the Court took the matters under submission on December 23, 2013.

The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to the plaintiff's business or property." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). "Racketeering activity is defined as acts or threats involving a variety of crimes, such as murder, kidnapping, gambling, arson, robbery, bribery, or extortion." *Lacey v. Maricopa County*, 693 F.3d 896, 939 (9th Cir. 2012) (citing Title 18 U.S.C. § 1961(1)).

Plaintiff alleges that Defendants overcharged him for dental work and then attempted to collect the bill. This alleged conduct does not constitute "racketeering activity" as that term is defined in Title 18 U.S.C. § 1961(1). Because the Complaint does not contain allegations constituting racketeering activity, the RICO cause of action is dismissed. Dismissal is with prejudice because any amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The RICO cause of action was the sole basis of federal jurisdiction in the Complaint. The remaining causes of action are based on state law and the parties are not diverse. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). After consideration of these factors, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action in the Complaint. In light of this, Defendants' Motion to Strike is moot.

**IT IS HEREBY ORDERED** that the Complaint is dismissed.

Dated: January 16, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

2